UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

       Plaintiff,
vs.


BARNES & NOBLE BOOKSELLERS, INC.
d/b/a Barnes & Noble bookstore at Miracle Mile,
MCBRIDE FAMILY LIMITED PARTNERSHIP

       Defendants.
_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Barnes & Noble Booksellers, Inc. doing business as Barnes & Noble bookstore at Miracle Mile and Defendant McBride Family Limited Partnership for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

**JURISDICTION**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Barnes & Noble Booksellers, Inc. (also referenced as "Defendant B&N," "tenant," "operator," lessee" or "co-Defendant") is a foreign corporation authorized to transact business in Florida. The parent company, Barnes & Noble, Inc. is an American bookseller. It is a Fortune 1,000 company and the bookseller with the largest number of retail outlets in the United States. The parent company operates 627 retail stores in all 50 United States.

6. Defendant McBride Family Limited Partnership (also referenced as "Defendant McBride Partnership," "Lessor," "Owner," or "co-Defendant") is the owner of real property located at 152 Miracle Mile, Coral Gables, Florida 33134, which is also referenced as folio 03-4117-005-0480. Defendant McBride Partnership's real property is a commercial property which is leased to co-Defendant B&N who in turn has operated a bookstore under the "Barnes & Noble" brand.

## FACTS

7. Barnes & Noble bookstores mainly sell books but they also sell games and collectibles, toys and offer café (drinks and bakery goods) dining. All Barnes & Noble

bookstores are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5) as an "other" sales establishment. The Barnes & Noble bookstore located at 152 Miracle Mile which is the subject of this complaint is also referenced as "Barnes & Noble bookstore," "Barnes & Noble bookstore at Miracle Mile," "bookstore," or "place of public accommodation."

8. As the operator of bookstores which are open to the public, Defendant B&N is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a bookstore; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

9. Due to the close proximity to Plaintiff's home to the Barnes & Noble bookstore at Miracle Mile, on May 21, 2021 Plaintiff went to the Barnes & Noble bookstore with the intent of purchasing books and enjoying the café.

10. On entering the Barnes & Noble bookstore, Plaintiff had difficulty parking and perambulating to the bookstore entrance due to the excessive slope of the designated accessible parking spaces. Further, while Plaintiff was shopping, he went to the restroom and while in the restroom Plaintiff met multiple areas of inaccessibility due to the fact that he is confined to his wheelchair.

11. Due to the inaccessible restroom facilities and non-complaint designated accessible parking spaces, Plaintiff has been denied full and equal access by the operator/lessee of the bookstore (Defendant B&N) and by the owner/lessor of the commercial property which houses the bookstore (Defendant McBride Partnership).

12. On information and belief, Defendant B&N is well aware of the ADA and the need to provide for equal access in all areas of its bookstores. Therefore, its failure to

reasonably accommodate mobility impaired and disabled patrons by insuring that its Barnes & Noble bookstore at Miracle Mile is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

13. As the owner of commercial real property which is operated as a bookstore open to the public, Defendant McBride Partnership is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of commercial property being used as a public accommodation, Defendant McBride Partnership is aware of the ADA and the need to provide for equal access in all areas of its commercial property which are open to the public. Failure to reasonably accommodate mobility impaired and disabled patrons at its commercial property by insuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the civil rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

14. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

15. Plaintiff continues to desire to patronize the Barnes & Noble bookstore at Miracle Mile, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

16. Any and all requisite notice has been provided.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

18. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

19. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

20. Prior to the filing of this lawsuit, Plaintiff personally visited the Barnes & Noble bookstore at Miracle Mile, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers on entry and when he went to the restroom. Therefore, Plaintiff has suffered an injury in fact.

21. Defendant B&N (operator of the Barnes & Noble bookstore at Miracle Mile) and Defendant McBride Partnership (owner of the commercial property leased to co-Defendant B&N) have discriminated (and continue to discriminate) against Plaintiff by

denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Barnes & Noble bookstore located at Miracle Mile, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

22. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Barnes & Noble bookstore at Miracle Mile.

23. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

24. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

25. The commercial space which is owned by Defendant McBride Partnership (owner/lessor) and which houses the Barnes & Noble bookstore (operated by tenant/lessee Defendant B&N) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA, and 28 C.F.R. §36.302 *et. seq.* As such, both the owner/lessor and the tenant/lessee are discriminating against the Plaintiff as a result of <u>inter alia</u>, the following specific violations:

    i. As to Defendant B&N (lessee/operator) and Defendant McBride Partnership (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty parking and exiting his car as designated accessible parking spaces are located slopes over 2.1%. this is in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards for Accessible Design. The slope of the parking lot is further in violation of 2010 ADA Standards for Accessible Design Section 207.1 and Section 403.3 which states that the running slope of walking surfaces shall not be steeper than 1:20 and the cross slope shall not be steeper than 1:48 and Section 403.4 which requires change in slope to comply with Section 303, wherein Section 303.4 requires changes in level greater than ½ inch shall be ramped. See also Section 4.6.3 of the ADAAG which states that parking spaces and access aisles shall be level with surface slopes not exceeding 1:50 (2%) in all directions

    ii. As to Defendant B&N (lessee/operator) and Defendant McBride Partnership (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the lavatory without assistance, as the bathroom toilet compartment stall door does not have pull handles on both sides of the door near the latch, which is in violation of 28 C.F.R. Part 36, and ADA/ABA Design Compliance Code Section §604.8.1.2.

    iii. As to Defendant B&N (lessee/operator) and Defendant McBride Partnership (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required length and is mounted in the wrong distance from the side wall. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36

  inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

iv. As to Defendant B&N (lessee/operator) and Defendant McBride Partnership (owner/lessor of the property) (jointly and severally), Plaintiff could not use the toilet without assistance, as the toilet paper dispenser is not in the proper position in front of the water closet or at the correct height above the finished floor, in violation of 2010 ADAAG §§604, 604.7 which states that toilet paper dispensers shall comply with Section 309.4 and shall be 7 inches (180 cm) minimum and 9 inches (230 cm) maximum in front of the water closet measured to the centerline of the dispenser. Further, the outlet of the dispenser shall be 15 inches (380 mm) minimum and 48 inches (1220 mm) maximum above the finish floor and shall not be located behind grab bars. Section 604.9.6 further states that there must be a clearance of 1½ inches (38 mm) minimum below the grab bar and that dispensers shall not be of a type that controls delivery or that does not allow continuous paper flow.  The subject toilet paper dispenser is in violation of these sections.

v. As to Defendant B&N (lessee/operator) and Defendant McBride Partnership (owner/lessor of the property) (jointly and severally), the lavatory mirror (inside the stall) is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

vi. As to Defendant B&N (lessee/operator) and Defendant McBride Partnership (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a

        cutting/burning hazard because the lavatory pipes (inside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

vii.    As to Defendant B&N (lessee/operator) and Defendant McBride Partnership (owner/lessor of the property) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes (outside the stall) and water supply lines are not completely wrapped which is in violation of Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards of Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

26.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the commercial property which is being operated as a Barnes & Noble bookstore accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

27.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the bookstore therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez demands judgment against the Defendant McBride Family Limited Partnership (owner of the commercial property housing the Barnes & Noble bookstore) and Defendant Barnes & Noble Booksellers, Inc. (operator of the Barnes & Noble bookstore) and requests the following relief:

    a)    The Court declare that Defendants have violated the ADA;

b)     The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)     The Court enter an Order requiring Defendants to alter the commercial property and Barnes & Noble bookstore located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)     The Court award reasonable costs and attorneys fees; and

e)     The Court award any and all other relief that may be necessary and appropriate.

Dated this 8th day of June 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone:  305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*